Mario Pittoni, J.
Til this proceeding pursuant to article 78 of the CPLR judgment is granted in favor of the petitioner directing the respondents to issue a renewal of a permit for certain dredging work.
*882 The respondents’ sole defense to this proceeding is that their denial of the renewal permit is a legislative determination which is not reviewahle by the court. Examination of the papers discloses however that the original permit was issued by the respondents pursuant to the provisions of a previously enacted Ordinance No. 42 and the request for a renewal is made to the respondents under Local Law No. 4 of 1964. The applications for the permit and for the renewal did not necessitate the adoption of an ordinance or a local law to cover the particular property in question. These applications were and are similar to those for special exception permits under the zoning ordinance. Under the cases the reasonableness of a legislative body’s determination on an application for a special exception permit may be reviewed in an article 78 proceeding (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20; Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728).
No affidavit has been submitted by the respondents to justify a denial of the permit. On the other hand, the petitioner reveals that, pursuant to an agreement with the respondents prior to the issuance of a permit on December 9, 1963, he deeded certain lands under water to the Town of Hempstead, has paid tremendous sums to the town for fill removed from underwater town land, and must, in order to complete the project whereby his land is put in proper condition for development purposes, be permitted to continue additional dredging involving 35,000 to 60,000 yards of fill. At the outset (Resolution No. 1831 — 1963) the Town Board admitted: that the removal of the fill would not violate the provisions of section 6 of Ordinance No. 42; that the fill was not required for any town purposes; and that the public interest would not be prejudiced by the removal thereof. It obtained an agreement whereby the petitioner agreed to pay 35 cents per cubic yard for the fill, a deposit of $36,750, and has received payments totaling $207,803.05 for fill removed, in addition to a deed to underwater land owned by the petitioner. It submits no affidavit to contradict the allegations of the verified reply that various members and representatives of the Town Board assured the petitioner during October, November and December of 1964 that the original permit which would expire on December 9,1964 would be renewed so that the dredging work contemplated by the agreement could be completed.
In determining that a permit should issue for a continuance of the dredging so that the work under the agreement may be completed the court is guided ‘ ‘ by the dictates of public policy that, ‘ Courts should not be astute to enable a municipal corporation to disavow its just commitments or obligations, or to con *883 duct itself respecting them in a manner violative of fair dealing, which they would not sanction were natural persons the parties involved ’ (Lowe v. City of New York, 240 App. Div. 484, 489, affd. 265 N. Y. 583) ” (Matter of Wa-Wa-Yanda v. Dickerson, 18 A D 2d 251, 258). Here, the petitioner received a franchise —“ A franchise is a special privilege, conferred by the State [or municipality] on an individual, which does not belong to the individual as a matter of common right” (Madden v. Queens County Jockey Club, 296 N. Y. 249, 255) —to remove certain fill so that its property might be made suitable for a residential waterfront development. The granting of a permit, which is no part of the franchise, may be compelled by mandamus (Ghee v. Northern Union Gas Co., 158 N. Y. 510, 525). To deny the renewal permit under the uncontradicted statements of the petitioner would effect a confiscation of the petitioner’s franchise or a destruction of a great part of the value thereof. To deny the renewal permit after the assurances by public officials that there was no need for the petitioner to complete his dredging within the one year provided by the original permit is unconscionable.